# Ballard Spahr
LLP

1909 K Street N.W., 12th Fl.
Washington, DC 20006-1157

1675 Broadway, 19th Fl.
New York, NY 10019-5820

Jay Ward Brown
Tel: 202.508.1136
Fax: 202.661.2299
brownjay@ballardspahr.com

Jacquelyn Schell
Tel: 646.446.8048
Fax: 212.223.1942
SchellJ@ballardspahr.com

March 27, 2023

*By Electronic Filing*

U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *In re CBS Broadcasting Inc. and Nicholas Poser*, Misc. Case No. 1:23-mc-80, Underlying Litigation: *Attkisson v. Bridges*, Civ. Act. No. 1:20-cv-00068-JRR (D. Md.) Motion to Quash or for a Protective Order re Non-Party Subpoenas

Your Honor:

We represent CBS Broadcasting Inc. ("CBS") and its Associate General Counsel and Senior Vice-President, Nicholas Poser. We write, pursuant to Fed. R. Civ. P. 45(d) and 30(b)(6) and Local Civil Rule 37.2, to request a pre-motion conference regarding CBS and Mr. Poser's intended motion to quash non-party subpoenas purportedly calling for the depositions of CBS and Mr. Poser on March 30, 2023, in the above-referenced case and for a protective order ruling that CBS has fully complied with the earlier subpoena served on CBS in this case.

**Factual & Procedural Background**

On January 10, 2020, Sharyl Attkisson filed a Complaint in the District of Maryland against Rod Rosenstein, Shaun Wesley Bridges, and other Department of Justice officials alleging that in 2012, while she was employed as a reporter by CBS, the defendants unlawfully tapped her electronic devices in violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511, 2520. Only Bridges is actively defending the case, after the court dismissed several defendants and the clerk entered default against another.

On July 15, 2022, Attkisson delivered a subpoena *ad testificandum* to CBS calling for the production of documents and a deposition by corporate representative pursuant to Rule 30(b)(6) (the "First Subpoena"). *See* Ex. A. CBS timely objected to the First Subpoena and, not withstanding those objections and certain irregularities in service and form (including indicating "zoom" as the place of compliance and failing to identify the document as also a subpoena *duces tecum*), CBS produced 414 pages of non-privileged, responsive documents and a custodian's affidavit authenticating those documents.

U.S. District Judge
March 27, 2023
Page 2

      Also on July 15, Attkisson delivered to CBS several subpoenas purporting to call for the depositions of current and former CBS employees, including Mr. Poser. While Attkisson's counsel and CBS agreed to adjourn all CBS-related depositions to give CBS time to investigate which of the contemplated deponents were still CBS employees or would seek CBS-provided counsel, Attkisson's counsel proceeded, without notice to CBS, to begin deposing former CBS employees. Attkisson's counsel, however, did not proceed with Mr. Poser's deposition after CBS advised him that much, if not all, of Mr. Poser's testimony would be protected by the attorney-client privilege, as, to the extent Mr. Poser had any involvement in the underlying events, it was in his capacity as a legal advisor for CBS.

      After further investigation by CBS, CBS and the undersigned counsel also repeatedly informed Attkisson's counsel that, because the events at issue in the underlying case took place a decade ago, many of the CBS personnel involved in those events are no longer employed by CBS and CBS is unable to produce a corporate representative who can provide relevant testimony. However, Attkisson's counsel deposed several former CBS employees, and CBS worked cooperatively with Attkisson's counsel to schedule the deposition of a non-lawyer CBS employee.[1] CBS is aware of no current employees who could now provide material information beyond that which the former employees already have testified to, or which is contained in the authenticated documents it produced. (We understand that defense counsel has no objection to authentication by declaration.) Thus, on September 30, 2022, CBS objected to producing a corporate representative to testify on any topic in the First Subpoena and Attkisson declined to reschedule Mr. Poser's deposition.

      Subsequently, Attkisson also demanded that CBS produce to her hard drives that she had used while employed by CBS that, she alleges in the underlying case, were unlawfully accessed by government officials. The undersigned counsel advised Attkisson's counsel that the drives likely contained significant amounts of proprietary CBS data and information protected by the reporter's privilege, making it impossible to produce the drives wholesale. (CBS also engaged an outside vendor to assess the scope of the drives and learned that they contained significant amounts of data.) CBS explained repeatedly to Attkisson's counsel that "under no circumstances will CBS simply deliver to [Attkisson], unreviewed, either the 'original' or any 'copy' of a CBS computer drive that likely contains privileged, confidential, or other protectable material and, likely, significant amounts of non-responsive information." *See* Ex. B (Oct. 14, 2022 email).

      However, in an effort to resolve the issue regarding the hard drives, on October 25, 2022, counsel for CBS provided to Attkisson's counsel a proposed draft agreement and stipulated protective order, pursuant to which CBS was willing, at that time, to provide the hard drives to a mutually-agreeable third-party vendor for review at Attkisson's cost, to protect confidential and privileged information and minimize the burden on CBS. In the five months since then, Attkisson's counsel has *never* either accepted the proposed agreement nor provided any proposed revisions to it, nor, despite repeated inquiries from CBS, has Attkisson's counsel identified a proposed vendor to take possession of the hard drives.

---

[1] CBS also worked with Attkisson's counsel to produce Jonathan Lien, an independent contractor for CBS, for deposition in August, and counsel for CBS attended the non-party depositions of two former CBS employees in order to preserve objections as to privileged information.

U.S. District Judge
March 27, 2023
Page 3

Now, nearly eight months after the First Subpoena and after CBS has expended substantial resources working cooperatively to satisfy its obligations under Rule 45, Attkisson's counsel is again demanding that CBS present a corporate representative for deposition, insisting that CBS produce the hard drives directly to him, and, for the first time since July, seeking to depose Mr. Poser.

On March 13, 2023, after fact discovery appeared to have closed in the underlying action, Attkisson's counsel emailed to the undersigned counsel for CBS subpoenas purportedly noticing for March 30, 2023 the "virtual" depositions of a corporate representative of CBS and in-house counsel, Mr. Poser (the "Deposition Subpoenas"). *See* Ex. C. On March 17, 2023, on behalf of CBS and Mr. Poser, the undersigned counsel sent to Attkisson's counsel a letter explaining that we were not authorized to accept these Subpoenas and that service by email was insufficient and detailing CBS's frustration with Attkisson's counsel's failure to comply with his duty to avoid imposing undue burden on non-parties. *See* Ex. D. While Attkisson had not properly served CBS or Mr. Poser, out of an abundance of caution, the letter also outlined CBS's and Mr. Poser's intended objections to the Deposition Subpoenas. *See id*. On March 24, 2023, four business days before the proposed deposition, Mr. Poser also received a copy of the subpoena directed to him by certified mail at his residence in Brooklyn. The following Monday, March 27, CBS received a copy of the subpoena directed to CBS by certified mail in Manhattan.

Notwithstanding Attkisson's failure properly to serve either Deposition Subpoena, CBS's earlier document production and participation in depositions, and CBS's and Mr. Poser's objections, Attkisson's counsel indicated that he intends to proceed with depositions of CBS and Mr. Poser on March 30. He has also again demanded, after previously abandoning the effort in October, that CBS produce the hard drives without the assistance of a vendor and despite the existence of privileged material and the exorbitant cost that CBS would incur reviewing the drives. Non-parties CBS and Mr. Poser now seek the Court's assistance in putting an end to Attkisson's improper and unduly burdensome demands.

**Intended Motions to Quash**

CBS respectfully requests that the Court quash the First Subpoena or enter a protective order preventing Attkisson from demanding that CBS produce any additional materials or deponents. CBS has gone beyond its obligations and fully complied with the First Subpoena by identifying, reviewing, and producing over 400 pages of authenticated documents *from a decade ago*. The only documentary materials remaining at issue are hard drives formerly used by Attkisson. But there is no need for CBS to produce the drives because (1) CBS already has produced to Attkisson the forensic evaluation of the hard drives that CBS commissioned in 2013, and (2) Attkisson expressly has conceded that she already has copies of the hard drives in her possession.

Even were that not the case, the drives no doubt contain unpublished newsgathering materials and journalistic work product protected against compelled disclosure by the reporter's privileges under New York's Shield Law, the First Amendment to the U.S. Constitution, and other analogous privileges. *See* N.Y. Civ. Rights Law § 79-h; *Gonzales v. NBC*, 194 F.3d 29, 34-35 (2d Cir. 1999). Reviewing the drives would impose an undue burden on CBS—a vendor estimates that the review would cost over $500,000. *See* Fed. R. Civ. P. 45(d)(1), 45(d)(3)(A)(iv) (requiring that courts quash unduly burdensome subpoenas). As Attkisson

U.S. District Judge
March 27, 2023
Page 4

already has copies of the drives and has rejected CBS's attempts to negotiate a cost-effective, mutually agreeable solution, there is simply no basis for her continued demands on CBS.

CBS and Mr. Poser also ask that the Court quash the two Deposition Subpoenas, for the following reasons:

*First*, Attkisson has not properly served either Deposition Subpoena. She made no attempt to serve CBS or Mr. Poser personally, as required in this District, and instead simply sent copies by email to counsel, who was not authorized to accept them, and then by certified mail mere days before the intended depositions. *See* Fed. R. Civ. P. 45(b)(1); *Kenyon v. Simon & Schuster, Inc.*, No. 16 Misc. 327 (P1), 2016 U.S. Dist. LEXIS 140917, at *11 (S.D.N.Y. Oct. 11, 2016) ("Kenyon's failure to first attempt personal service and her failure to seek leave to serve by alternative means before mailing the subpoena renders her service defective").[2]

*Second*, to the extent that Mr. Poser had any involvement in the factual circumstances underlying this case, as CBS has repeatedly advised Attkisson's counsel, it would have been in his capacity as an in-house lawyer for CBS, making the vast majority (if not all) of any relevant testimony privileged from disclosure. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).

*Third*, CBS is located and Mr. Poser works in the Southern District of New York, and the location listed on the Subpoenas is "Via Zoom" in an action pending in the District of Maryland. As neither CBS nor Mr. Poser has agreed to deposition by remote means, the Subpoenas improperly call for attendance at a deposition more than 100 miles from where either witness "resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A); *see Broumand v. Joseph*, 522 F. Supp. 3d 8, 23-24 (S.D.N.Y. 2021) (ruling that subpoena's videoconference "location" did not remedy violation of geographical limitations of Rule 45). In these circumstances, Attkisson should not be permitted to evade Rule 45's protections for non-party witnesses by noticing depositions by Zoom.

*Fourth*, there is simply no need for a corporate representative deposition and requiring one would impose undue burden and expense on CBS. *See* Fed. R. Civ. P. 45(d)(1) (an "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"). Attkisson has already deposed several former employees who were involved in the events at issue, CBS has produced over 400 pages of authenticated documents, and CBS is unable to produce a corporate representative who could provide additional pertinent information. *See Hermitage Global Partners LP v. Prevezon Holdings Ltd.*, No. 14-mc-318 (TPG), 2015 U.S. Dist. LEXIS 20080, at *16-17 (S.D.N.Y. Feb. 19, 2015) (quashing "essentially duplicative" and improperly-served subpoenas that would "likely lead to little—if any—discoverable evidence").

*Fifth*, CBS objects to each of the individual topics listed in the new Rule 30(b)(6) subpoena to CBS for the reasons outlined in its March 17, 2023 correspondence. *See* Ex. D. The

---

[2] As Attkisson has not properly served the Deposition Subpoenas, they are of no effect. To the extent that Attkisson's counsel apparently intends to go forward on March 30, CBS and Mr. Poser also respectfully request that the Court stay such depositions pending resolution of the intended motion.

U.S. District Judge
March 27, 2023
Page 5

topics are identical to the ones included in the First Subpoena, and CBS already has objected to these Topics, including in the undersigned counsel's July 29, 2022, August 23, 2022, and September 30, 2022 communications. Worse, Attkisson's counsel had previously agreed to narrow those topics but is now demanding to question CBS on the full list.

Finally, as CBS has worked diligently for months to investigate the underlying facts, review decade-old records, produce documents, coordinate with potential witnesses, and try to develop mutually-agreeable and cost-effective solutions, only for Attkisson to abandon those discussions and insist on unnecessary and improperly-noticed depositions, CBS and Mr. Poser respectfully request that the Court award them their attorneys' fees and costs incurred in pursuing this motion. *See* Fed. R. Civ. P. 45(d)(1); *Angelo, Gordon & Co. v. MTE Holdings, LLC*, 20 Misc. 23, 2020 U.S. Dist. LEXIS 145596, at *3-4, *7-8 (S.D.N.Y. Aug. 13, 2020). Were Attkisson's litigation conduct not unduly burdensome from the outset (and, indeed, it was), it certainly is now at this late hour, eight months after delivering to CBS the original subpoenas.

For the foregoing reasons, CBS and Mr. Poser respectfully request that the Court schedule a pre-motion conference and grant them the relief requested herein.

Respectfully submitted,

Jay Ward Brown
Jacquelyn Schell