```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/18/2023
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CBS BROADCASTING INC. AND NICHOLAS POSER | 1:23-mc-00080 (ALC) (SDA) <br><br> **OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by CBS Broadcasting Inc. ("CBS") and its Associate General Counsel and Senior Vice-President, Nicholas Poser ("Poser") (collectively, the "Movants") to quash non-party subpoenas served upon them in an action pending in the U.S. District Court for the District of Maryland entitled *Attkisson v. Bridges*, No. 20-CV-00068 (JRR) (the "Underlying Action"). (Mot. to Quash, ECF No. 1.) For the reasons set forth below, and the reasons stated on the record during a telephone conference held on April 17, 2023, the Movants' motion is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

**I.     Facts Alleged And Claims Asserted In Underlying Action[1]**

Sharyl Attkisson ("Attkisson") was an investigative news reporter at CBS News. In early 2011, she began reporting on a federal drug-trafficking investigation that came to be known as "Fast & Furious," under which the Bureau of Alcohol, Tobacco, and Firearms purposely allowed firearms dealers to sell marked weapons to straw buyers in anticipation that the weapons would later be sold to Mexican drug cartels. Attkisson's reporting of Fast & Furious first was aired by

---

[1] The following section is drawn from the Second Amended Complaint ("SAC") filed in the Underlying Action at ECF No. 35.

CBS on February 22, 2011. The reporting quoted and relied on confidential sources procured by Attkisson.

Attkisson alleged that, following her reporting, government officials began actively seeking to identify government insiders who were leaking information to her and CBS by conducting computer and telephone surveillance of her and her family. She further alleged that the surveillance was conducted by the Baltimore Silk Road Task Force, a multi-agency group investigating illegal activity on the Silk Road, a covert online marketplace for illicit goods, including drugs.

On January 10, 2020, Attkisson, her husband and her daughter filed suit in the Underlying Action in the District of Maryland against multiple defendants, including agents and actors within the Department of Justice ("DOJ"), in their individual capacities. The SAC, which was filed on April 5, 2021, asserted two claims against Defendant Shaun W. Bridges ("Bridges"), who had been a Special Agent with the United States Secret Service assigned to the Baltimore Silk Road Task Force, and Defendant Ryan White ("White"), an undercover informant for the DOJ: (1) a *Bivens* claim[2] for violations of the Fourth Amendment and (2) a claim for violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2511. Bridges and White were alleged to have illegally accessed Attkisson's computers.

## II.    Facts Relevant To Instant Motion

CBS had hired a cybersecurity firm named Cyberpoint International ("Cyberpoint") to conduct forensics on Attkisson's CBS computers. (SAC ¶ 58.) Cyberpoint confirmed evidence of

---

[2] A *Bivens* claim permits a plaintiff to seek money damages from federal employees when they violate a plaintiff's rights under the U.S. Constitution. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2

outside or remote penetration; determined that a crime had likely been committed; notified the government; and turned some of the evidence over to an unknown government agent who appeared at Cyberpoint. (*See* Resps.' Response, ECF No. 8, at 7, 10.) Cyberpoint returned to CBS the hard drive evidence associated with device(s) that Attkisson had used while she was employed by CBS.[3] (*See id*.)

In July 2022, Plaintiffs in the Underlying Action, who are the Respondents in the proceeding in this Court (hereinafter, "Respondents"), served a notice of deposition with subpoena upon CBS seeking testimony, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, from a corporate representative regarding certain topics relating to the alleged penetration of Attkisson's computers and seeking documents relating to such topics. (*See* CBS Subpoena, ECF No. 1-1.) On September 30, 2022, CBS produced certain records in response to the subpoena. (*See* Resps.' Response at 10.) In addition, the Respondents and CBS discussed production by CBS of the hard drive evidence that Cyberpoint had returned to CBS, but CBS never produced such evidence to Respondents. (*See id*. at 10-11; Mot. to Quash at 2.)

Respondents' counsel took numerous depositions in the Underlying Action of former CBS employees. (*See* Mot. to Quash at 2.) Nevertheless, Respondents still sought Rule 30(b)(6) testimony from CBS, as well as the testimony of Poser.[4] (*See id*. at 3-4; Resps.' Response at 12-14.)

---

[3] It is unclear from the record whether there is a single hard drive or more than one. CBS refers to "hard drives" in its submissions (*see* Mot. to Quash at 2), while Respondents refer to "the hard drive." (*See* Resps.' Response at 10.)

[4] In March 2023, Respondents served additional subpoenas seeking testimony and documents from CBS and Poser. (*See* Mot. to Quash at 3.)

On March 27, 2023, the Movants filed the instant motion to quash in this Court. (*See* Mot. to Quash.) On April 7, 2023, the Respondents filed their response. (*See* Resps.' Response.) On April 11, 2023, the Movants filed their reply. (*See* Reply, ECF No. 8.) On April 17, 2023, the Court held a telephone conference in which counsel for the Movants, counsel for the Respondents and counsel for Bridges in the Underlying Action participated.

## **LEGAL STANDARDS**

Rule 45 of the Federal Rules of Civil Produce 45 governs discovery from non-parties. Under Rule 45, the Court is required to quash or modify a subpoena that subjects the recipient to an undue burden or requires the disclosure of privileged information. *See* Fed. R. Civ. P. 45(d)(3)(A). "[I]n the context of a motion to quash a subpoena, the Court should consider both the nature of information sought and whether its production is proportional to the needs of the case." *Rodriguez v. NNR Glob. Logistics USA Inc.*, No. 14-CV-01766 (JFB) (AKT), 2016 WL 11673310, at *2 n.1 (E.D.N.Y. Mar. 31, 2016) (cleaned up).[5]

"The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Pegoraro v. Marrero*, No. 10-CV-00051 (AJN) (KNF), 2012 WL 1948887, at *4 (S.D.N.Y. May 29, 2012) (quoting *Jones v. Hirschfeld*, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003) (quotation marks omitted)). "A determination to grant or deny a motion for a protective order or a motion to quash a subpoena is discretionary." *Id.* (citing *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973); *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 68 (2d Cir. 2003)).

---

[5] *See also Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.").

## ANALYSIS

**I.  Hard Drive Evidence**

The Court finds, in its discretion, that production of the hard drive evidence by CBS is relevant and proportional to the needs of the case. Although Respondents already have in their possession copies of the hard drive evidence (*see* Reply at 2), Respondents have reason to believe that the hard drive evidence that CBS has in its possession may be different. Accordingly, <u>no later than Thursday, April 27, 2023</u>, CBS shall produce the hard drive evidence in its possession to Respondent's expert, Andrew Garrett ("Garrett").[6] Garrett shall review CBS's hard drive evidence for the limited purpose of comparing the differences, if any, between the hard drive evidence already in Respondents' possession with the hard drive evidence produced by CBS. Garrett shall relay to Respondents, CBS and Bridges the differences between the two sets of evidence, and not the contents of CBS's hard drive evidence.

Thereafter, Respondents, CBS and Garrett shall meet and confer with respect to any further inspection of CBS's hard drive evidence and the return of such evidence to CBS. Any disputes regarding the foregoing shall be raised with the Court.

**II.  Inquiries To Be Conducted in Lieu Of Depositions**

The Court finds, in its discretion, that depositions of CBS and Poser, pursuant to the previously served subpoenas, are not proportional to the needs of the case. Respondents already have taken depositions of former CBS employees who Respondents believed had relevant knowledge. Movants persuasively assert that, because the events at issue took place a decade

---

[6] The production by CBS of the hard drive evidence is not a waiver of any privilege or protection to which CBS may be entitled, including the reporter's privilege, attorney-client privilege and/or work product protection. *Cf.* Fed. R. Evid. 502(d).

5

ago, CBS "is unable to produce a corporate representative who can provide relevant testimony." (Mot. to Quash at 2.) In addition, Movants persuasively assert that, because Poser is an attorney, "much, if not all, of Mr. Poser's testimony would be protected by the attorney-client privilege." (*Id*.)

During the April 17 telephone conference, Respondents provided the Court with two areas of inquiry directed to CBS that the Court finds are relevant and proportional to the needs of the case. Accordingly, in lieu of deposition testimony, no later than Friday, May 5, 2023, CBS shall provide to Respondents a written representation from CBS's counsel that they have conducted a reasonable investigation to determine: (1) the identity of the government representative who received physical evidence from Cyberpoint and whether CBS had any communications with the government regarding such individual; and (2) whether CBS had any communications with the government (including without limitation the DOJ and Congress), regarding the alleged penetrations of Attkisson's computers and any investigations thereof. The foregoing reasonable investigation shall include reviewing the documents CBS already has produced in the Underlying Action; reviewing the deposition transcripts of former CBS employees provided by Respondents,[7] and conducting any necessary follow up with those former employees; and consulting with current employees, including Poser.

The written representation from CBS's counsel shall state whether CBS has been able to identify the government representative at issue and, if so, shall identify the name of such individual. In addition, the written representation from CBS's counsel shall state whether CBS has

---

[7] No later than Friday, April 21, 2023, Respondents shall provide to CBS deposition transcripts for each former CBS employee who Respondent believes might possess responsive information.

learned of any communications described in the paragraph above and, if so, shall provide the dates of such communications, the parties to such communications and the substance of such communications. Moreover, if any communications are in writing, CBS shall produce such communications to the extent they have not previously been produced.

### CONCLUSION

For the reasons set forth above, and for the reasons stated on the record during the April 17 telephone conference, the Movants' motion to quash is GRANTED IN PART and DENIED IN PART. CBS shall produce the hard drive evidence as set forth above. The deposition subpoenas served upon CBS and Poser hereby are quashed, subject to CBS's obligation to conduct the reasonable investigation as set forth above.

**SO ORDERED.**

Dated:   New York, New York
         April 18, 2023

_____
STEWART D. AARON
United States Magistrate Judge